# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD COOKS,** | : | **CIVIL NO. 1:18-CV-151** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **COTTERALL,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Plaintiff Ronald Cooks ("Cooks"), an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"), commenced this Bivens[1], 28 U.S.C. § 1331, civil rights action on January 23, 2018. (Doc. 1). Named as the sole defendant is case manager Cotterall. At the same time he filed his complaint, Cooks submitted an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 9). The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Cooks will be directed to file a properly supported amended complaint.

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

## I. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## II. Discussion

A Bivens action is the federal counterpart to an action filed under 42 U.S.C. § 1983. See Paton v. LaPrade, 524 F.2d 82 (3d Cir.1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D.Pa. 1988). In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), citing Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Named as the sole defendant in the complaint is Cotterall, a case manager at USP-Lewisburg. The entire statement of claim is as follows: "I sent three I.R.S. documents to Miss Cotterall asking for three copies of each and never received the documents back." (Doc. 1, at 2). For relief, Cooks seeks $1,000,000 and return of the original IRS documents. (Id. at 3).

Cooks' complaint fails to allege any constitutional violations, and fails to state a cognizable claim for relief. See Flanagan v. Shively, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992) (holding that "[p]leading conclusory allegations that, for example, the defendants acted willfully, intentionally and deliberately or with reckless disregard of plaintiff's rights does not suffice" to avoid dismissal for failure to state a claim), affirmed 980 F. 2d 722 (3d Cir. 1992), cert. denied 510 U.S. 829 (1993). While Cooks will be granted an opportunity to file an amended complaint, he is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). "It must be a new pleading which stands by itself as an adequate complaint

3

without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992).

### III. Conclusion

Given Cooks' *pro se* status, he will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to timely file a properly supported amended complaint will result in the dismissal of this action without further notice of court.

An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: April 3, 2018